

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor  
Newark, New Jersey 07102

973-645-2700

EJJ/PL AGR
2025R00389

September 5, 2025

Rahul Sharma, Esq.
Assistant Federal Public Defender
1002 Broad Street
Newark, NJ 07102
Email: rahul_sharma@fd.org

      Re:   <u>Plea Agreement with Julio Ramiro Paulino</u>

Dear Mr. Sharma:

      This letter sets forth the plea agreement between your client, Julio Ramiro Paulino, and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on September 9, 2025, if it is not accepted in writing by that date. If Paulino does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Paulino to an Information, which charges Paulino with illegal reentry, in violation of 8 U.S.C. § 1326(a). If Paulino enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Paulino for illegally reentering the United States between on or about January 8, 2009, and on or about November 9, 2021.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Paulino even if the applicable statute of limitations period for those charges expires after Paulino signs this agreement, and Paulino agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 8 U.S.C. § 1326(a) to which Paulino agrees to plead guilty in the Information carries a statutory maximum prison sentence of 2 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence the charge in the Information may run consecutively to any prison sentence Paulino is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Paulino is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Paulino ultimately will receive.

Further, in addition to imposing any other penalty on Paulino, the sentencing judge as part of the sentence:

(1) will order Paulino to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) pursuant to 18 U.S.C. § 3583, may require Paulino to serve a term of supervised release of up to one year, which will begin at the expiration of any term of imprisonment imposed. Should Paulino be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Paulino may be sentenced to not more than one year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Paulino by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of Paulino's activities and relevant conduct with respect to this case.

Stipulations

This Office and Paulino will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Paulino waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Paulino understands that, because Paulino is not a citizen of the United States, Paulino's guilty plea to the charged offense will likely result in Paulino being subject to immigration proceedings and removed from the United States by making Paulino deportable, excludable, or inadmissible, or ending Paulino's naturalization. Paulino understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Paulino wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Paulino's removal from the United States. Paulino understands that Paulino is bound by this guilty plea regardless of any immigration consequences. Accordingly, Paulino waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Paulino also agrees not to

seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Paulino. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Paulino from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Paulino and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD BLANCHE
U.S. DEPUTY ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

By: Eli Jacobs
Assistant U.S. Attorney

APPROVED:

Samantha C. Fasanello
Chief, Organized Crime/Gangs Unit

I have received this letter from my attorney, Rahul Sharma, Esq. I have read it or it has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 9/11/25
Julio Ramiro Paulino


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 9/11/25
Rahul Sharma, Esq.
Counsel for Defendant

- 6 -

## Plea Agreement With Julio Ramiro Paulino

### Schedule A

1.  This Office and Julio Ramiro Paulino ("Paulino") agree to stipulate that, after Paulino was removed from the United States for the first time, Paulino engaged in criminal conduct that resulted in a conviction for a felony offense other than an illegal reentry offense for which the sentence imposed was five years or more, within the meaning of U.S.S.G. § 2L1.2(b)(3)(A).

2.  To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3.  The parties agree that a term of imprisonment within the range of 12 to 21 months, to run concurrently to the undischarged term of imprisonment previously imposed upon Paulino in *State of New Jersey v. Julio R. Paulino* in the Superior Court of New Jersey, Passaic County, Case No. 22-02-00083-I (the "Stipulated Range"), is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a) and the policy statement in U.S.S.G. § 5G1.3(d). Neither party will argue for a term of imprisonment below 12 months, above 21 months, or otherwise inconsistent with the Stipulated Range. The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

4.  If the District Court imposes a term of imprisonment consistent with the Stipulated Range:

    a.  If Paulino is sentenced to at least 12 months' imprisonment, this Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, and the special assessment.

    b.  If Paulino is sentenced to 21 months' imprisonment or less, Paulino will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence. This waiver applies regardless of whether Paulino's service of any term of imprisonment imposed exceeds any remaining term of imprisonment

that Paulino serves based on his conviction in *State of New Jersey v. Julio R. Paulino* in the Superior Court of New Jersey, Passaic County, Case No. 22-02-00083-I.

    c.    These waiver provisions, however, do not apply to

        i.    Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for Paulino's offense of conviction.

        ii.    Any proceeding to revoke the term of supervised release.

        iii.    A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

        iv.    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5.    Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.